**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HITACHI CONSUMER ELECTRONICS CO., LTD. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TOP VICTORY ELECTRONICS (TAIWAN) ) <br> CO. LTD., TPV INT'L (USA), INC., ) <br> ENVISION PERIPHERALS, INC., TOP ) <br> VICTORY ELECTRONICS (FUJIAN) CO. ) <br> LTD., TPV ELECTRONICS (FUJIAN) CO. ) <br> LTD., TPV TECHNOLOGY LTD., and VIZIO, INC. ) <br> Defendants. ) <br> ) <br> ) | Civil Case No. _____ <br><br><br><br><br><br> JURY |

**COMPLAINT**

Plaintiffs Hitachi Consumer Electronics Co., Ltd. ("HCE" or "Plaintiff"), by way of this Complaint against Defendants Top Victory Electronics (Taiwan) Co. Ltd., TPV Int'l (USA), Inc., Envision Peripherals, Inc., Top Victory Electronics (Fujian) Co. Ltd., TPV Electronics (Fujian) Co. Ltd., TPV Technology Ltd., and Vizio, Inc. ("Vizio"), hereby allege as follows:

/ / /

/ / /

/ / /

/ / /

/ / /

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.

## THE PARTIES

2. Plaintiff Hitachi Consumer Electronics Co. Ltd. is a corporation organized under the laws of Japan with its principal place of business at 2-1, Otemachi 2-chome Chiyoda-ku Tokyo, Japan.

3. On information and belief, Defendant Top Victory Electronics (Taiwan) Co. Ltd. is a corporation organized under the laws of Taiwan with its principal place of business at 10F, No. 230, Liancheng Road, Zhonghe City, Taiwan, Republic of China.

4. On information and belief, Defendant TPV Int'l (USA), Inc. is a corporation organized under the laws of California with its principal place of business at 3737 Executive Center Drive, Suite 261, Austin, Texas 78731, and with a registered agent at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

5. On information and belief, Defendant Envision Peripherals, Inc. is a corporation organized under the laws of California with its principal place of business at 47490 Seabridge Drive, Fremont, California 94538, and with a registered agent at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

6. On information and belief, Defendant Top Victory Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of the People's Republic of China with its principal place of business at Shangzheng Yuanhong Road, Fuquing City, Fujian Province, China.

7. On information and belief, Defendant TPV Electronics (Fujian) Co. Ltd. is a corporation organized under the laws of the People's Republic of China with its principal place of business at Shangzheng Yuanhong Road, Fuquing City, Fujian Province, China.

8. On information and belief, TPV Technology Ltd. is a corporation organized under the laws of Bermuda with its principal place of business at Suite 1023, Ocean Centre, Harbour City, Kowloon, Hong Kong.

9. On information and belief, the defendants identified in paragraphs 3-8 above (collectively, "TPV") are an interrelated group of companies which together comprise one of the world's largest manufacturers of televisions.

10. On information and belief, Vizio, Inc. is a corporation organized under the laws of California with its principal place of business at 39 Tesla, Irvine, California 92618, and with a registered agent at 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

11. Vizio is a leading seller of televisions in the United States.

**JURISDICTION AND VENUE**

12. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. In this lawsuit, Plaintiffs allege infringement of U.S. Patent Nos. 7,889,281, and 8,009,375 (the "Patents-in-Suit"). This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and 1400(b).

13. This action is related to civil case no. 2:10-cv-00260-JRG filed on July 22, 2010 in this District. Both actions include the same Plaintiff and Defendants. Both TPV and Vizio asserted counterclaims against Hitachi in the aforementioned case. Vizio's counterclaims

included allegations that Hitachi allegedly infringed seven Vizio patents.  Additionally the Patents-in-Suit in this matter share inventors, specifications, and priority applications with certain patents asserted in case no. 2:10-cv-00260-JRG.

14.     TPV designs, manufactures and assembles televisions.  TPV imports, offers to sell, and sells those televisions in the United States, including in the State of Texas generally and this judicial district in particular.  In addition, TPV has created a well-established distribution chain for its televisions, and that distribution chain delivers those products into the United States, including the State of Texas generally and this judicial district in particular.  Furthermore, TPV knows, expects, and intends that by selling televisions designed for use in the U.S. market, some of those products will be sold in the State of Texas, including in this judicial district.

15.     Vizio designs and specifies televisions for sale and use in the United States. Vizio imports, offers for sale, and sells televisions in the United States, including in the State of Texas generally and this judicial district in particular.  Vizio has created a well-established distribution chain for its televisions, and that distribution chain delivers those products into the United States, including the State of Texas generally and this judicial district in particular. Furthermore, Vizio knows, expects, and intends that by selling televisions designed for use in the U.S. market, some of those products will be sold in the State of Texas, including in this judicial district.

16.     The six TPV defendants identified in paragraphs 3-8 above operate as a unitary business venture and are jointly and severally liable for patent infringement relating to the televisions made, imported, offered for sale, sold, or used in the United States by any one of them.  HCE's right to relief against each of these six defendants arises out of the same

transaction, occurrence, or series of transactions or occurrences relating to the importing, offering for sale, and sale of the same accused television units in the United States. Additionally, questions of fact common to all six of these defendants will arise in this action, including whether these same television units infringe the asserted patents. Therefore, joinder of these TPV defendants is proper under 35 U.S.C. § 299.

17.   In addition, TPV manufactures and imports into the United States and sells certain accused televisions to Vizio. In turn, Vizio offers to sell and sells these same accused televisions in the United States under its own brand name. These televisions include, but are not limited to, Vizio models: E320VA, E420VT, M220VA, and VA26LHDTV10T. TPV and Vizio are jointly and severally liable for patent infringement relating to at least these accused televisions. Further, on information and belief, TPV has contractually indemnified and agreed to defend Vizio against claims of patent infringement, such as those alleged herein, brought against Vizio for TPV-supplied televisions. Moreover, HCE's right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences relating to the importing, offering for sale, and selling of the same accused television units in the United States by the Defendants. In addition, questions of fact common to all Defendants will arise in the action. These questions include whether these same televisions, imported and sold by TPV and then sold by Vizio, infringe the asserted patents. Therefore, joinder of these Defendants is proper under 35 U.S.C. § 299.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,889,281 B2

18.   Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

19. On February 15, 2011, U.S. Patent No. 7,889,281 B2 ("the '281 Patent) entitled "DIGITAL BROADCAST RECEIVER UNIT," was duly and legally issued by the United States Patent and Trademark Office. The '281 Patent is an indirect continuation of Application No. 09/135,727, which issued as U.S. Patent No. 6,549,243 ("the '243 Patent") and is asserted against the Defendants in related case no. 2:10-cv-00260. The '243 and '281 Patents share the same inventors, figures, written description, and priority. A true and correct copy of the '281 Patent is attached as Exhibit A to this Complaint.

20. HCE is the assignee and owner of the right, title, and interest in and to the '281 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

21. TPV has been directly infringing and continues to directly infringe, either literally or under the doctrine of equivalents, the '281 Patent by importing, offering to sell, and selling televisions capable of receiving and displaying digital programming broadcast in accordance with the Advanced Television Systems Committee (ATSC) standards. In addition, Vizio, TPV's customer, directly infringes the '281 Patent by offering to sell and selling, among other things, TPV-supplied televisions in the United States. Further, end users in the United States directly infringe the '281 Patent by using their TPV-manufactured televisions. TPV, with knowledge of the '281 Patent, has and does possess the specific intent to encourage Vizio and end users to directly infringe the '281 Patent. TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a) and (b).

22.     Vizio has been directly infringing and continues to directly infringe, either literally or under the doctrine of equivalents, the '281 Patent by importing, offering to sell, and selling televisions, including both TPV and non-TPV supplied units, capable of receiving and displaying digital programming broadcast in accordance with the Advanced Television Systems Committee (ATSC) standards.  Further, end users in the United States directly infringe the '281 Patent by using their Vizio televisions.  Vizio, with knowledge of the '281 Patent, has and does possess the specific intent to encourage end users to directly infringe the '281 Patent. Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a) and (b).

23.     On information and belief, TPV and Vizio have been aware of the existence of the '281 Patent since before the filing of this Complaint.  The '281 Patent is a continuation of, and shares the same inventors, figures, and written description as, U.S. Patent No. 6,549,243, which has been asserted against Defendants in civil case no. 2:10-cv-00260 in the United States District Court for the Eastern District of Texas, filed on July 22, 2010.  On information and belief, Defendants became aware of the '281 Patent through their due diligence in preparing their defenses in case no. 2:10-cv-00260.  Defendants' acts of infringement have been and continue to be deliberate and willful.

24.     HCE has been damaged by Defendants' infringing activities.  On information and belief, Defendants will continue their infringing activities, and thus continue to damage HCE, unless enjoined by this Court.   HCE has no adequate remedy at law.

### COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,009,375 B2

25.     Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

26. On August 30, 2011, U.S. Patent No. 8,009,375 B2 ("the '375 Patent") entitled "APPARATUS AND METHOD FOR RECEIVING AND RECORDING DIGITAL INFORMATION," was duly and legally issued by the United States Patent and Trademark Office. Both the '375 Patent and U.S. Patent No. 7,286,310 ("the '310 Patent"), which is presently asserted against Defendants in related case no. 2:10-cv-00260, are direct or indirect continuations of application No. 10/404,452. The '310 and '375 Patents share the same inventors, figures, written description, and priority applications. A true and correct copy of the '375 Patent is attached hereto as Exhibit B to this Complaint.

27. HCE is the assignee and owner of the right, title, and interest in and to the '375 Patent, including the right to assert all causes of action arising under said patent, the right to recover damages for past, present, or future infringement of the patent, and the right to any other remedies for infringement of the patent.

28. TPV has been directly infringing and continues to directly infringe, either literally or under the doctrine of equivalents, the '375 Patent by importing, offering to sell, and selling televisions capable of receiving and displaying digital programming broadcast in accordance with the Advanced Television Systems Committee (ATSC) standards. In addition, Vizio, TPV's customer, directly infringes the '375 Patent by offering to sell and selling, among other things, TPV-supplied televisions in the United States. Further, end users in the United States directly infringe the '375 Patent by using their TPV-manufactured televisions. TPV, with knowledge of the '375 Patent, has and does possess the specific intent to encourage Vizio and end users to directly infringe the '375 Patent. TPV is therefore liable to HCE under at least 35 U.S.C. §§ 271(a) and (b).

29. Vizio has been directly infringing and continues to directly infringe, either literally or under the doctrine of equivalents, the '375 Patent by importing, offering to sell, and selling televisions, including both TPV and non-TPV supplied units, capable of receiving and displaying digital programming broadcast in accordance with the Advanced Television Systems Committee (ATSC) standards. Further, end users in the United States directly infringe the '375 Patent by using their Vizio televisions. Vizio, with knowledge of the '375 Patent, has and does possess the specific intent to encourage end users to directly infringe the '375 Patent. Vizio is therefore liable to HCE under at least 35 U.S.C. §§ 271(a) and (b).

30. On information and belief, TPV and Vizio have been aware of the existence of the '375 Patent since before the filing of this Complaint. The '375 Patent is a continuation of, and shares the same inventors, figures, and written description as U.S. Patent No. 7,286,310, which has been asserted against Defendants in civil case no. 2:10-cv-00260 in the United States District Court for the Eastern District of Texas, filed on July 22, 2010. On information and belief, Defendants became aware of the '375 Patent through their due diligence in preparing their defenses in case no. 2:10-cv-00260. Defendants' acts of infringement have been and continue to be deliberate and willful.

31. HCE has been damaged by Defendants' infringing activities. On information and belief, Defendants will continue its infringing activities, and thus continue to damage HCE, unless enjoined by this Court. HCE has no adequate remedy at law.

**JURY DEMAND**

32. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand judgment for themselves and against Defendants TPV and Vizio as follows:

a. That this Court adjudge that Defendant Vizio has infringed each of the '281 and '375 patents;

b. That this Court adjudge that Vizio's infringement of the '281 and '375 patents has been willful;

c. That this Court adjudge that Defendant TPV has infringed each of the '281 and '375 patents;

d. That this Court adjudge that TPV's infringement of the '281 and '375 patents has been willful;

e. That this Court issue an injunction, enjoining Defendants Vizio and TPV and their officers, agents, servants and employees, privies, and all persons in active concert or participation with it, from further infringement of said patents;

f. That this Court ascertain and award Plaintiffs damages sufficient to compensate it for the above infringement, including but not limited to infringement occurring before the filing of this lawsuit, and that the damages so ascertained be trebled as appropriate and awarded to Plaintiffs with interest;

g. That this Court find this case to be exceptional and award Plaintiffs their attorneys fees, costs and expenses in this action; and

h. That this Court award Plaintiffs such other relief as the Court may deem just and proper.

                                          Respectfully submitted,

Dated: May 3, 2012                          ***/s/ Jeffrey B. Plies***

                                          Jeffrey B. Plies (State Bar No. 24027621)
                                          Jeff.Plies@dechert.com
                                          **LEAD ATTORNEY**
                                          Stephen R. Dartt (State Bar No. 24042370)
                                          Stephen.Dartt@dechert.com
                                          DECHERT LLP
                                          300 W. 6th Street
                                          Suite 2010
                                          Austin, TX 78701
                                          (512) 394-3000
                                          *Attorneys for Plaintiffs Hitachi Consumer Electronic, Inc.*

**OF COUNSEL:**
Otis W. Carroll
Texas Bar No. 03895700
Patrick Kelley
Texas Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
(903) 561-1600
(903) 581-1071 (fax)
nancy@icklaw.com
patkelley@icklaw.com

14372979